UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IDDO BLACKWELL                                                                       CIVIL ACTION

VERSUS                                                                                     No. 09-7704

BURL CAIN, WARDEN                                                                  SECTION I/3

**ORDER**

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections by plaintiff, Iddo Blackwell, which are hereby OVERRULED, approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

With respect to plaintiff's objection relative to double jeopardy, the Court finds as follows:

Blackwell objects to the recommendation that his double jeopardy claim be dismissed as procedurally barred. He alleges that the state trial court erred in allowing him to be tried for the offenses of aggravated rape, forcible rape and aggravated incest in violation of the prohibition against double jeopardy.

This is the same claim that Blackwell raised for the first time on state court post-conviction review. On July 7, 2008, the state trial court barred review of the double jeopardy claim because that claim could have been raised on direct appeal and was not.[1] Pursuant to La.

---

[1] St. Rec. Vol. 4 of 5, Reasons for Judgment, 7/7/08.

Code Crim. P. art. 930.4(C), a claim that could have been raised on appeal and was not is barred from post-conviction review. This was the last reasoned decision on this claim by the state courts, because the subsequent writ applications to the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court were denied without written reasons.[2] Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991).

The report and recommendation resolved that La. Code Crim. P. art. 930.4(C) was both adequate and independent to bar review of Blackwell's claim. The record did not disclose any cause for the procedural default or prejudice resulting from the court's failure to review the claim on the merits. The record also failed to demonstrate that a fundamental miscarriage of justice would occur if the court did not review the merits of the claim. Based on these findings, it was recommended that the double jeopardy claim be dismissed as procedurally barred from federal review.

In his objections, Blackwell challenges the adequacy of the procedural bar imposed against him. A state procedural bar, however, is presumptively adequate when the state court expressly relies on it in deciding not to review a claim for collateral relief. Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), cert. denied, 523 U.S. 1125 (1998). To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. Glover, 128 F.3d at 902. On the other hand, "an occasional act of grace by a state court in excusing or disregarding a state procedural rule does not render the rule inadequate; after all, 'regularly' is not synonymous with 'always' and 'strictly' is not

---

[2] St. Rec. Vol. 4 of 5, 5th Cir. Order, 2008-KW-1451, 10/24/08; St. Rec. Vol. 5 of 5, Copy of 1st Cir. Writ Application, dated 7/14/08; State ex rel. Blackwell v. State, 18 So.3d 88 (La. 2009).

synonymous with 'unanimously.'" Amos, 61 F.3d at 342.

A state procedural rule, however, that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. Martin v. Maxey, 98 F.3d 844, 847 (5th Cir. 1996); Prihoda v. McCaughtry, 910 F.2d 1379, 1383 (7th Cir. 1990).

> A federal court may not second-guess a state court's rule of procedure, but must evaluate whether the rule was actually applicable on the particular facts of the case. Otherwise, state courts could disregard federal rights with impunity simply by using the word "waived."

United States ex rel. Bradley v. Clark, No. 99-C-1785, 2002 WL 31133094 at *4 n.2 (N.D. Ill. July 18, 2002). For this reason, when state courts apply a procedural bar that has no foundation in the record or basis in state law, the federal courts need not honor that bar. Davis v. Johnson, 2001 WL 611164 at *4 n.10 (N.D. Tex. May 30, 2001); cf., Johnson v. Lensing, No. 99-0005, 1999 WL 562728 at *4 (E.D. La. July 28, 1999) (Berrigan, J.) (Art. 930.8 bar was not adequate because it was not properly applied under the circumstances of the case); Poree v. Cain, No. 97-1546, 1999 WL 518843 (E.D. La. July 20, 1999) (Mentz, J.) (Art. 930.8 was not adequate to bar review because it was misapplied). However, where such a basis exists in state law and in the record before the court, the procedural bar must stand.

In his objections, Blackwell cites several state decisions in which double jeopardy claims were addressed on post-conviction review, and he argues that his claim should have been reviewed. To properly challenge the imposition of the procedural bar, Blackwell must present to this Court "cases in which the rule has been applied-either evenhandedly or unevenhandedly-to claims identical or similar to his own." (emphasis in original) Amos v. Scott, 61 F.3d 333, 340 (5th Cir. 1995). Seven of the decisions cited by Blackwell are clearly distinguishable from his

3

case.³

The state court review that occurred in those cases arose after entry of guilty pleas and under other circumstances. With regard to those cases, under Louisiana law, a guilty plea waives all nonjurisdictional defects and is reviewed to ensure that the plea was counseled and voluntary. State v. Arnold, 816 So .2d 289, 290 (La. 2002). Louisiana law recognizes an exception to the double jeopardy prohibition when the charging documents and plea colloquy reflect that the court was without authority to enter the conviction or impose the sentence. Id. at 290. Thus, the procedural exception for obtaining review was not based on or derived from La. Code Crim. P. art. 930.4, the article relied upon to bar review of Blackwell's double jeopardy claim. He has failed to meet his burden to present indistinguishable cases that might give rise to a conclusion that the state bar has not been evenhandedly applied.

---

³See, cases cited by Blackwell, Rec. Doc. No. 16: State ex rel. Adams v. Butler, 558 So. 2d 552 (La. 1990) (after plea of guilty, double jeopardy was raised in a post-conviction application and relief was granted by the appellate court based on the foregoing exception to the waiver rule); State v. Arnold, 816 So. 2d at 289 (after plea of guilty, double jeopardy was raised in a post-conviction application, relief was granted in the appellate court, and the Louisiana Supreme Court reinstated the convictions and sentences finding no double jeopardy violation apparent from the charging documents and plea colloquy, disapproving of the circuit court's more probing review); State v. Freeman, 577 So. 2d 216 (La. App. 1st Cir. 1991) (finding that double jeopardy claim was repetitive and had been raised in a prior post-conviction relief which was denied, without indicating basis for prior denial, and alternatively noting that the double jeopardy claim was nevertheless without merit); State ex rel. Adams v. Butler, 558 So. 2d 552 (La. 1990) (after guilty plea, double jeopardy claim denied on post-conviction review allowed after finding exception to the waiver by guilty plea); State v. Thomas, 764 So. 2d 1104 (La. 2000) (double jeopardy was recognized on direct appeal, not post-conviction review, as an error patent); State v. Lee, 554 So. 2d 180 (La. App. 2d Cir. 1989) (double jeopardy addressed on post-conviction review after guilty plea, pointing to exception to waiver by guilty plea); State v. Pemberton, 478 So. 2d 1217 (La. 1985) (after guilty plea, court denied post-conviction application finding trial court was without jurisdiction to consider the double jeopardy claim which also was on direct appeal at the time); State ex rel. Hebert v. Henderson, 290 So. 2d 832 (La. 1974) (After guilty plea, court noted that double jeopardy claim was moot, because the trial court had already set aside the theft conviction at sentencing on the burglary conviction).

Blackwell also cites two other decisions which were addressed on post-conviction review after jury verdicts, both from the Louisiana Third Circuit Court of Appeal. These cases are also distinguishable from his circumstances. In State v. Jones, 525 So. 2d 1149 (La. App. 3d Cir. 1988), the appellate court granted relief on a double jeopardy issue without mention of the timeliness of the claim. This ruling was not pursued to the Louisiana Supreme Court and has not been cited by other Louisiana courts. It is therefore insufficient to demonstrate inadequacy.

In State v. Bradford, 514 So. 2d 534 (La. App. 3d Cir. 1987), the Louisiana Third Circuit granted post-conviction relief on a double jeopardy claim on the basis that the charged offenses, not the responsive verdicts brought back by the jury, would have violated double jeopardy. This holding was later challenged as contrary to Louisiana law on double jeopardy. See State v. Jones, 642 So. 2d 252 (La. App. 4th Cir. 1994). It too is insufficient to render La. Code Crim. P. art. 930.4 inadequate to bar Blackwell's claim.

Blackwell further contends that La. Code Crim. P. art. 930.3 allows for double jeopardy claims to be considered on post-conviction review when the conviction was obtained in violation of the state or federal constitution. He also cites La. Code Crim. P. art. 594, which provides that claims of double jeopardy may be raised at anytime, but only once during the criminal process.

Blackwell did not raise a double jeopardy issue on direct appeal. There is no doubt that double jeopardy claims may be brought on post-conviction review under La. Code Crim. P. art. 930.3. As Blackwell concedes, the double jeopardy claim could also have been brought "at anytime," including before trial, at trial, or on appeal. La. Code Crim. P. art. 594. The bar to review under La. Code Crim. P. art. 930.4, however, by its very terms creates exceptions to what the courts can review during post-conviction proceedings, depending on the circumstances of the

5

case. In this case, the state trial court was within its authority to refuse to consider the double jeopardy claim if it could have been brought on direct appeal, just as any other claim that otherwise could have been considered under La. Code Crim. P. art. 930.3 but should have been raised first on appeal.

In this case, the record establishes that the basis for Blackwell's double jeopardy claim existed at the time of the direct appeal and could have been raised, either at that time or earlier under Louisiana law. Blackwell has failed to establish that the bar imposed under La. Code Crim. P. art. 930.4 was without basis in the record or was applied arbitrarily. It is not within the province of this federal habeas court to decide whether the state court should nevertheless have considered the merits of the claims, where the state court chose to enforce the recognized bar under Article 930.4(C). Blackwell has presented no other basis for this court to reconsider the imposition of the procedural bar, and this objection should be overruled.

Even if this court were to overlook the bar to review of Blackwell's double jeopardy claim, the claim is without merit. The Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165 (1977). Blackwell's claim arises under the third prong. Punishment for the same offense is determined by "whether each provision requires proof of an additional fact which the other does not." Id. at 166 (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)). To meet this test, the court must "compare the criminal statutes at issue and inquire whether each provision requires proof of an additional fact that the other does not." United States v. Singleton, 16 F.3d 1419, 1442 (5th Cir. 1994) (citing Blockburger, 284 U.S. at 304).

Blackwell was charged with and found guilty by a jury of aggravated rape of a child under age 12,[4] forcible rape and aggravated incest.  Under Louisiana law, to prove aggravated rape of a child under 12 years old, a violation of La. Rev. Stat. Ann. § 14:42, the State must prove: (1) anal, oral or vaginal penetration deemed without consent of the victim because of (2) the victim's age at the time of the rape.  State v. Williams, 950 So. 2d 126 (La. App. 2d Cir. 2007); State v. Wright, 690 So. 2d 850, 856 (La. App. 3d Cir. 1997).  Moreover, "[a]ny penetration, however slight, . . . is sufficient."  State v. Self, 719 So. 2d 100, 101 (La. App. 3d Cir. 1998).

On the charge of forcible rape, La. R.S. 14:42.1 provides in relevant part:

A. Forcible rape is rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

Thus, to convict Blackwell of forcible rape, the State had the burden of proving: (1) an act of vaginal, oral or anal intercourse; (2) without the lawful consent of the victim; and (3) where the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.  State v. Fruge, 34 So.3d 422, 425 (La. App. 3d Cir. 2010) (citing State v. Schexnaider, 852 So. 2d 450, 457 (La. App. 3d Cir. 2003)).

Aggravated incest is defined in La. Rev. Stat. Ann. § 14:78.1, which at the time provided

---

[4] According to the argument at trial, the child's age was the aggravating factor. St. Rec. Vol. 4 of 5, Trial Transcript, pp. 61-62, 8/10/05.

in relevant part:[5]

> A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection (B) with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
> B. The following are prohibited acts under this Section:
> (1) Sexual intercourse, sexual battery, aggravated sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
> (2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.

Comparing the elements of each crime demonstrates that Blackwell did not suffer a violation of the right against double jeopardy. Aggravated rape requires that the child-victim be under the age of 12, an element not appearing in the other two crimes. Forcible rape required proof of the use of force or threat of violence, an element not appearing in the other two crimes. In addition, aggravated incest required proof that the victim is related to the perpetrator, is under the age of 18, and for purposes of this case, a sexual battery,[6] i.e. inappropriate touching of the

---

[5]The statute was amended later in 2004 to provide that consent was not a defense and to correct reference to "aggravated sexual battery" to read as " second degree battery." 2004 La. Acts 648, § 1 (approved 7/5/04); 2004 La. Acts 676, § 1 (approved 7/5/04).

[6]At the time, sexual battery was defined under La. Rev. Stat. Ann. § 14:43.1, as:
A. Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

8

genitalia.  None of the these elements were required to prove the other two crimes.

Blackwell has not established a double jeopardy violation under the standards of Blockburger and its progeny.  The denial of relief by the state courts was not contrary to, or an unreasonable application of, Supreme Court precedent as required for federal habeas relief.  Such objection is OVERRULED.

IT IS ORDERED that the petition of Iddo Blackwell for issuance of a write of habeas corpus under 28 U.S.C. § 2254 be DENIED and DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, October __5th__, 2010.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

In 2006, the statute was amended to provide for specific punishments relative to the age of the victim and to provide for other post-incarceration monitoring and fees.  2006 La. Acts 103, § 1 (approved 6/2/06).  The maximum sentence was changed to 99 years in 2008.  2008 La. Acts 33 (effective 6/2/08).